**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, )<br>　　　　Plaintiff, )<br>vs. )<br>Leroy George )<br>　　　　Defendant. ) | CR 89-307-1 PCT-RCB<br><br>**ORDER**<br>**REVOKING SUPERVISED RELEASE** |

A petition for revocation of supervised release having been filed and hearings held with the defendant and counsel present, and the defendant having previously admitted violations of special condition #1 of the petition,

The Court has considered the factors set forth in 18 U.S.C. § 3553, U.S. Sentencing Commission Chapter 7 policy statements, the original guideline range, statements of the parties, and all documentation submitted, including the disposition report.

IT IS ORDERED revoking the defendant's supervised release and the defendant, Leroy George, shall be committed to the custody of the Bureau of Prisons for a term of **NINE (9) MONTHS** on Count I, Count II and Count III to run concurrently.

IT IS FURTHER ORDERED upon release from the Bureau of Prisons, defendant is placed on supervised release for a period of **THIRTY-ONE (31) MONTHS** on Count I, Count II and Count III to be served concurrently, under the standard terms and conditions adopted by this Court in General Order 05-36. Of particular importance, the defendant shall

not commit another federal, state, or local crime during the term of supervision and the defendant shall abstain from all use of illicit substances. Within 72 hours of release from the custody of the Bureau of Prisons the defendant shall report in person to the Probation Office in the district to which the defendant is released.

IT IS FURTHER ORDERED the defendant shall comply with the following additional special conditions:

1. You shall participate as instructed by the probation officer in a program of substance abuse treatment which may include all forms of testing for all forms of substance abuse. You shall contribute to the cost of treatment in an amount if any to be determined from time to time by the assigned probation officer

2. You shall attend a sex offender treatment program as approved by the probation officer. Treatment may include physiological testing such as plethysmography and ABEL Assessment. You shall abide by the policies and procedures of the program. You shall contribute to the cost of treatment in an amount if any to be determined time to time by the probation officer.

3. You shall submit to periodic polygraph testing as approved by the probation officer as a means to determine compliance with the requirements of your therapeutic program. No violation proceedings will arise solely on the results of a polygraph examination or a valid Fifth Amendment refusal to answer a polygraph question.

4. You shall reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be pre-approved by the probation officer.

5. You shall not possess, view, or otherwise use material depicting sexually explicit conduct as defined in 18 U.S.C. § 2256. You shall not possess, view, or otherwise use any other material that is sexually stimulating or sexually oriented deemed to be inappropriate by the probation officer. You will submit any records requested by the probation officer to verify your compliance with this condition. You shall not enter any location where the primary function is to provide these prohibited materials.

6. You shall register with all state and tribal sex offender agencies in any state where you reside, are employed, carry on a vocation, or are a student, as directed by the probation officer.

7. You shall submit your person, property (including but not limited to computer, electronic devices, and storage media), residence, office, or vehicle to a search conducted by a probation officer, at a reasonable time and in a reasonable manner.

8. You shall not be in the company of or have contact with children under the age of 18 years, to include your own children, without prior approval of the probation officer. Contact includes, but is not limited to, letters, communication devices, audio or visual devices, visits, or communication through a third party. You shall immediately report any contact of that nature to the probation officer.

9. You shall not directly or indirectly contact the victim or the victim's family without prior approval of the probation officer. Indirect contact includes, but is not limited to, letters, communication devices, audio or visual devices, or communication through a third party. You shall immediately report any contact to the probation officer.

10. You are restricted from engaging in any occupation, business, or profession where you have access to children under the age of 18 years, without prior approval of the probation officer. Acceptable employment shall include a stable, verifiable work location and the probation officer must be granted access to your work site.

11. You shall reside and participate in a residential re-entry center for up to 270 days, unless discharged earlier by the assigned probation officer.

12. You shall abstain from all use of alcohol or alcoholic beverages.

IT IS FURTHER ORDERED **dismissing** Special Condition #5**.**

The defendant is remanded into the custody of the United States Marshal's Service.

. . .

1   The defendant is advised of his right to appeal within 14 days.

2   DATED this 10th day of December, 2010.

```
                         _____
                         Robert C. Broomfield
                         Senior United States District Judge
```

- 4 -