**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, | CR 89-307-1 PCT-RCB |
| Plaintiff, | **ORDER** |
| vs. | **REVOKING SUPERVISED RELEASE** |
| Leroy George | |
| Defendant. | |

A petition for revocation of supervised release having been filed and hearings held with the defendant and counsel present, and the defendant having previously admitted violations of special condition #12 of the petition,

The Court has considered the factors set forth in 18 U.S.C. § 3583(e), U.S. Sentencing Commission Chapter 7 policy statements, the original guideline range, statements of the parties, and all documentation submitted, including the disposition report.

IT IS ORDERED revoking the defendant's supervised release and the defendant, Leroy George, shall be committed to the custody of the Bureau of Prisons for a term of **NINE (9) MONTHS** on Count I, Count II and Count III to run concurrently.

IT IS FURTHER ORDERED upon release from the Bureau of Prisons, defendant is placed on supervised release for a period of **EIGHTEEN (18) MONTHS** on Count I, Count II and Count III to be served concurrently, under the standard terms and conditions adopted by this Court in General Order 05-36. Of particular importance, the defendant shall not

1 commit another federal, state, tribal or local crime during the term of supervision and the
2 defendant shall abstain from all use of illicit substances. Within 72 hours of release from the
3 custody of the Bureau of Prisons the defendant shall report in person to the Probation Office
4 in the district to which the defendant is released.

IT IS FURTHER ORDERED the defendant shall comply with the following additional special conditions:

1. You shall attend and participate in a sex offender treatment program and sex offense specific evaluations as approved by the probation officer. You shall abide by the policies and procedures of all the treatment of and evaluation providers. You shall contribute to the cost of the treatment and assessment not to exceed an amount determined to be reasonable by the probation officer based on ability to pay.

2. You shall attend and participate in periodic polygraph examinations as a means to determine compliance with conditions of supervision and the requirements of your therapeutic program, as directed by the probation officer. No violation proceedings will arise solely on the results of a polygraph test. A valid Fifth Amendment refusal to answer a question during a polygraph examination will not be used as a basis for a violation proceeding. You shall contribute to the cost of such polygraph examination not to exceed an amount determined to be reasonable by the probation officer based on ability to pay.

3. You shall reside in a residence approved, in advance, by the probation officer. Any changes in the residence must be pre-approved in writing by the probation officer.

4. You shall not possess, view, or otherwise use material depicting sexually explicit conduct as defined in 18 U.S.C. § 2256 (2). You shall not possess, view, or otherwise use any other material that is sexually stimulating, sexually oriented or deemed to be inappropriate by the probation officer and/or treatment provider. You will submit any records requested by the probation officer to verify your compliance with this

|   |    |   |
|---|----|---|
| 1 |    | condition. You shall not enter any location where the primary function is to provide |
| 2 |    | these prohibited materials. |
| 3 | 5. | You shall register as a sex offender in compliance with all federal, state , tribal or |
| 4 |    | other local laws or as ordered by the Court. Failure to comply with registration laws |
| 5 |    | may result in new criminal charges. |
| 6 | 6. | You shall submit your person, and any property, house, residence, vehicle, papers, |
| 7 |    | computer, other electronic communications or data storage devices or media, and |
| 8 |    | effects to search at any time, with or without a warrant, by any law enforcement or |
| 9 |    | probation officer with reasonable suspicion concerning a violation of a condition of |
| 10 |   | supervised release or unlawful conduct, and by any probation officer in the lawful |
| 11 |   | discharge of the officer's supervision functions. You shall consent to and cooperate |
| 12 |   | with the seizure and removal of any hardware and/or data storage media for further |
| 13 |   | analysis by a law enforcement or the probation officer with reasonable suspicion |
| 14 |   | concerning a violation of a condition of supervision or unlawful conduct. You shall |
| 15 |   | warn any other residents that the premises may be subject to searches pursuant to this |
| 16 |   | condition. |
| 17 | 7. | You shall not be in the company of or have contact with children under the age of 18 |
| 18 |   | years, to include your own children, without prior written permission of the probation |
| 19 |   | officer. Contact includes, but is not limited to, letters, communication devices, audio |
| 20 |   | or visual devices or communication through a third party. You shall immediately |
| 21 |   | report any such contact to the probation officer. |
| 22 | 8. | You shall not directly or indirectly contact any victim(s) and victim(s) family of the |
| 23 |   | instant offense(s) without prior written permission. This also includes victim(s) |
| 24 |   | disclosed in treatment, assessment and/or any other victim identified by the probation |
| 25 |   | officer. Indirect contact includes, but is not limited to, letters, communication |
| 26 |   | devices, audio or visual devices, communication through a third party and/or your |

| | |
|---|---|
| 1 | presence at any location the victim(s) may be known to frequent. You shall |
| 2 | immediately report any contact to the probation officer. |

9. You are restricted from engaging in any occupation, business, volunteer activity or profession where you have the potential to be alone with children under the age of 18 years, or with a vulnerable population (i.e. elderly or physically or mentally handicapped) without prior written permission. Acceptable employment shall include a stable, verifiable work location and the probation officer must be granted access to your work site.

10. You shall reside in and abide by the rules of a Residential Reentry Center, or any other residential based program approved by the supervising probation office for 270 days, unless discharged earlier by the probation officer.

11. You shall abstain from all use of alcohol or alcoholic beverages.

IT IS FURTHER ORDERED **dismissing** Special Condition #11.

The defendant is remanded into the custody of the United States Marshal's Service. The defendant is advised of his right to appeal within 14 days.

DATED this 29th day of August, 2011.

_____
Robert C. Broomfield
Senior United States District Judge